UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DM MANAGER LLC, McALLISTER ACCEPTANCE CORPORATION, MOTOR ACCEPTANCE COMPANY, LLC, MOTOR FUNDING SERVICES, LLC, RANDOM HOLDINGS, INC., *and* DOUG McALLISTER,

　　　　　　　　　　Plaintiffs,

　　　　– *against* –

FIDELITY NATIONAL INFORMATION SERVICES, INC., FIDELITY INFORMATION SERVICES, LLC, *and* FIS ePROCESS INTELLIGENCE LLC,

　　　　　　　　　　Defendants.

**ORDER**

23-cv-00617 (ER)

Ramos, D.J.:

　　In an opinion dated March 29, 2024, the Court granted Defendants' motion to dismiss Plaintiffs' Second Amended Complaint. Doc. 24. The Court denied all claims with prejudice except for the intentional fraud claim. *Id.* at 33. The Court granted Plaintiffs leave to file an amended complaint with respect to the intentional fraud claim by April 19, 2024. *Id.* On April 15, 2024, Plaintiffs requested an extension of time to file an amended complaint. Doc. 25. The Court granted that request and extended the deadline to May 20, 2024. Doc. 26.

　　On April 29, 2024, Plaintiffs filed a notice of appeal. Doc. 27. They stated that they were appealing from "the final judgment entered on March 29, 2024 dismissing the Complaint and closing the matter." *Id.*

　　Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction over any matters involved in the appeal. *See, e.g.*, *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020). But "district courts are not deprived of jurisdiction by the filing of

untimely or manifestly defective appeals and appeals from non-appealable orders." *KB Dissolution Corp. v. Great Am. Opportunities, Inc.*, 705 F. Supp. 2d 326, 328 (S.D.N.Y. 2010); *see also Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990) (concluding that notice of appeal from nonfinal judgment was premature and therefore did not divest district court of jurisdiction to amend judgment); *O'Neil v. Ponzi*, No. 09 Civ. 0983 (GTS) (GHL), 2010 WL 502943, at *2 n.2 (N.D.N.Y. Feb. 9, 2010) (collecting cases).

The Court's March 29 opinion was not a final judgment. In this Circuit, a dismissal without prejudice is a final, appealable order if it closes the case and does not grant leave to amend. *See Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 104 (2d Cir. 2005) ("It is well established that a dismissal without prejudice, *absent some retention of jurisdiction such as an invitation to amend the complaint*, terminates the action and is a final decision from which an appeal lies." (emphasis added)); *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004) ("We have jurisdiction to consider [the plaintiff-appellant's] challenge because a dismissal without prejudice that does not give leave to amend and closes the case is a final, appealable order under 28 U.S.C. § 1291."). This case was not closed: the Court dismissed the intentional fraud claim but granted Plaintiffs leave to amend, Doc. 24 at 33, and later extended their deadline to do so, Doc. 26. Accordingly, the Court's opinion was not an appealable final judgment. *See Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006) ("A dismissal with leave to amend is a non-final order and not appealable.").

A nonfinal order may become final and appealable, however, if the appellant disclaims any intent to amend or if the deadline to do so has passed. *See, e.g.*, *Smurphat v. Hobb*, 822 F. App'x 44, 45–46 (2d Cir. 2020); *Slayton*, 460 F.3d at 224 & n.7. In the interests of judicial economy, and to avoid any jurisdictional confusion, Plaintiffs are directed to advise this Court

whether they are disclaiming any intent to file an amended complaint with respect to the intentional fraud claim.  If Plaintiffs disclaim any intent to amend, then the Court will issue a final judgment and close the case.  *See generally, e.g.*, *Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21 Civ. 1653, 2022 WL 1087144, at *2 n.1 (2d Cir. Apr. 12, 2022) ("We will repeat our strong suggestion that 'where the District Court makes a decision intended to be "final," the . . . procedure is to set forth the decision in a separate document called a judgment.'" (omission in original) (citation omitted)).  If Plaintiffs do not disclaim any intent to amend, however, then their appeal is premature, and the May 20 deadline to amend will remain in place.

    SO ORDERED.

Dated:  May 1, 2024
         New York, New York

                                                                Edgardo Ramos, U.S.D.J.